18-3008 ADC      18-3009 ADC      18-3010 ADC  MM

_____ FILED_____ ENTERED
_____ LOGGED____ **AFFIDAVIT IN SUPPORT OF APPLICATION FOR COMPLAINT, ARREST WARRANTS, AND SEARCH WARRANTS**

NOV 0 2 2018

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY _____ DEPUTY

I, Special Agent Tia Fluellen, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.     I make this affidavit in support for applications for criminal complaints and arrest warrants for Gregory Dwayne CUSTER and Donna Marie SIEGLEIN, charging them with criminal violations of 18 U.S.C. §§ 641 (theft of government property) and 371 (conspiracy).  I further make this affidavit in support of search warrant applications for the basement of 10 Seward Avenue, Brooklyn, MD 21225 (the "Subject Residence"), as described in Attachment A.

2.     Your Affiant, Special Agent Tia Fluellen, has been employed by the U.S. Naval Criminal Investigative Service ("NCIS") since April 2, 2017.  Currently, I am assigned to the NCIS Resident Agency in Annapolis, MD ("NCISRA-Annapolis") where I conduct felony-level criminal investigations affecting the U.S. Navy and U.S. Marine Corps.

3.     I have served as a Special Agent with NCIS for a year and half conducting criminal investigations affecting the USN and USMC. SA Fluellen worked with the Georgia Department of Corrections for approximately a year and a half while receiving certification as a Mental Health Officer. SA Fluellen later worked for the Federal Bureau of Prisons (BOP) as an officer for nine years from 2008-2017. While working with the BOP, SA Fluellen was a member of the Special Operations Response Team (SORT) member, and served as a Certified CPR Instructor. SA Fluellen obtained an Associate's Degree in Criminal Justice with a Minor in Paralegal in 2005 at Andrew College in Cuthbert, GA. SA Fluellen later obtained her Bachelor's Degree in Criminal Justice and Master's Degree in Public Administration at New Charter University at Salt Lake City, Utah.

4.      The facts of this affidavit come from my personal observations, my training and experience, and information obtained from other law enforcement agents and witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the requested warrants and does not set forth all my knowledge about this matter.

## PROBABLE CAUSE

5.      On October 31, 2017, NCISRA-Annapolis received notification from Florsire Monsalve, Loss Prevention/Safety Manager of the Navy Exchange (the "NEX") retail store located aboard the Naval Support Activity in Annapolis, Maryland, regarding the theft of approximately $20,000 in Apple products from the NEX.

6.      According to Monsalve, on October 30, 2018, a white male subject and white female subject entered the NEX at approximately 0905 hours, and were observed whispering to one another in the electronics department. When a NEX employee approached and offered assistance, the two subjects declined. Moments later, the two subjects purchased two cans of cat food with cash, and exited the NEX, activating the security towers.

7.      The two subjects were able to depart before loss prevention personnel at the NEX could engage them, but a vehicle description and license plate number was obtained. The vehicle came back to Gregory Dwayne CUSTER, a retired U.S. Navy Chief Petty Officer.

8.      Subsequent review of surveillance footage of the electronics department at the NEX determined the female subject put two Apple laptop computers in a tote bag during the above referenced encounter with the NEX employee. Monsalve conducted further review of NEX surveillance footage and determined that the two subjects visited the NEX thirteen times, utilizing the same pattern, between September 12, 2018, through the present date. Each time, the two subjects were observed stealing various Apple products, including iPad tablets and laptop

2

18-3008 ADC    18-3009 ADC    18-3010 ADC

computers ranging in price from $300 to $1,300 each. Based upon the items seen stolen in the surveillance footage, the estimated total loss is $20,000.

9.     On November 1, 2018, the two subjects were observed at the NEX after the female subject again placed electronics merchandise into a bag she was carrying. Navy Police arrested the two subjects after they exited the NEX. The male subject was identified as CUSTER, and the female subject was identified as Donna Marie SIEGLEIN. Stolen merchandise was recovered from a bag SIEGLEIN was carrying.

10.     Following their arrest, CUSTER and SIEGLEIN were transported to NSA Annapolis Police Department. Prior to being interviewed, both CUSTER and SIEGLEIN were read their Civilian Suspect's Acknowledgement and Waiver of Rights, which includes Miranda warnings. Both CUSTER and SIEGLEIN waived their rights while signing the form. Both CUSTER and SIEGLEIN stated that they lived in the basement of 10 Seward Avenue, Brooklyn, MD 21225 (the "Subject Residence"). (This address is also listed on CUSTER's photo identification.) During her interview, SIEGLEIN admitted to stealing numerous items of electronics from the NEX over an estimated period of two months, bringing stolen items back to her residence (the Subject Residence), and selling the items on the street. CUSTER denied ever having knowledge of SIEGLEIN stealing and denied that he ever stole any items from the NEX.

11.     Review of surveillance footage at the NEX from a prior date depicts SIEGLEIN placing what appears to be an Apple laptop computer into her purse, while CUSTER is observing her place it into the purse. CUSTER was also observed passing SIEGLEIN electronic devices to put into her purse.

18 - 3 0 0 9  ADC          18 - 3 0 1 0  ADC

12.     Database checks for CUSTER revealed a criminal history for theft and fraud. CUSTER is currently on probation for the misuse of funds. SIEGLEIN currently has a prior criminal record for felony theft.

13.     I know from training and experience that individuals involved in thefts from retail establishments commonly maintain stolen merchandise in their personal vehicles for personal use or in order to transport the stolen goods to a location where they may be stored, sold, or otherwise disposed of. I know from training and experience that individuals involved in thefts from retail establishments commonly maintain stolen merchandise in their homes for personal use or storage until the stolen goods are sold or otherwise disposed of.

14.     I know from training and experience that other evidence, fruits, and instrumentalities of theft and conspiracy offenses is commonly found in the homes and personal vehicles of persons who commit these offenses, such as records and documents reflecting the sale or shipment of stolen goods; proceeds from sales in stolen goods; and computers, cellular telephones, and other electronic communications devices.

15.     I know from training and experience that individuals who commit theft offenses and conspire with others to do so often use electronic means to send and receive information that may constitute evidence of such offenses. Specifically, individuals involved in theft offenses and conspiracy to commit theft use cellular telephones and other means to communicate with other individuals (including co-conspirators) and businesses (including victim businesses) regarding acts in furtherance of their crimes. Call logs, text messages, and other electronic communications associated with individuals involved in theft and conspiracy to commit theft often contain details of their criminal activities and conspiracy, including identification and location of businesses they have victimized or plan to victimize, identification or description of goods they have stolen

4

18 - 3 0 0 8   ADC

18 - 3 0 1 0   ADC

or plan to steal, dates and times of previous and planned thefts, and identification of and

communications with co-conspirators and potential buyers of stolen goods. Individuals who

commit theft offenses also commonly advertise stolen goods for resale through use of the

Internet and Internet-connected electronic devices, such as computers, tablets, and cellular

telephones. Cellular telephones and other electronic devices also commonly contain records and

information regarding the past locations of those devices and the users of the devices, which may

constitute evidence of theft from particular retail locations.

## CONCLUSION

16.     Your Affiant submits that there is probable cause to believe that Gregory Dwayne

CUSTER and SIEGLEIN have committed criminal violations of 18 U.S.C. §§ 641 (theft of

government property) and 371 (conspiracy); and that located within the Subject Residence,

described in Attachment A, is evidence, fruits, and instrumentalities of the aforementioned

offenses, described in Attachment B.

Tia Fluellen
Special Agent
Naval Criminal Investigative Service

Subscribed to and sworn to me this ____ day of November, 2018

The Honorable A. David Copperthite
United States Magistrate Judge

5

18 - 3 0 0 8   ADC                    18 - 3 0 1 0   ADC

## ATTACHMENT A

### DESCRIPTION OF LOCATION TO BE SEARCHED

The basement of 10 Seward Avenue, Brooklyn, MD 21225

18-3008 ADC    18-3009 ADC    18-3010 ADC

## ATTACHMENT B

## DESCRIPTION OF ITEMS TO BE SEIZED

### I.    Information to be Seized by Law Enforcement Personnel

The following items, which constitute fruits, evidence and instrumentalities of criminal violations of 18 U.S.C. §§ 641 (theft of government property) and 371 (conspiracy), may be seized upon search of the residence listed in **Attachment A**:

1.    Electronics merchandise, and any other stolen merchandise.

2.    Records and documents of shipment or sale.

3.    United States currency.

4.    Computers, cellular telephones, electronic tablets, and other electronic communications devices.

5.    Any items, records, or documents identifying the occupants of the residence listed in Attachment A, or showing dominion, ownership, custody, or control over the residence listed in **Attachment A.**